Lansing, Oh. J.
I concur in the opinion given‘by my brother Lewis. The original transaction between the parties presents them in the relation of father and son, disposed to make a settlement of the father’s estate, to answer the exigencies and views of both. On the same day, and in pursuance of the same intent, the parties executed three distinct instruments, relative to the same subject matter. The business was inartificially conducted; but the intent is sufficiently evident. If these instruments be taken collectively, the distinction between a valuable and pecuniary consideration fails in its application. In this view of the subject, I have no doubt that the plaintiff is entitled to recover.(a)
*112 Kent, J., and Radcliff, J„. not having heard the argument in the cause, gave no opinion.
Judgment for the plaintiff.-

 The general rule is well settled that when two deeds are executed between the same parties, at the same time and respecting the same subject matter, they will be construed together as forming but one instrument. Starr *112 v. Tift, 15 Johns. R. 458. See also 2 Co wen, 218. Watson v. M'Kinney, 3 Wend. 233. King v. King, 7 Mass. R..496, 499. Clap v. Draper, 4 id. 266. See also, Holbrook v. Finney, id. 596. Bridge v. Wellington, 1 id. 219. And see, Stocking v. Fairchild, 5 Pick. 181.